The Honorable Mike Wilson State Representative P.O. Box 5269 Jacksonville, Arkansas 72076
Dear Representative Wilson:
This is in response to your request for an opinion on whether a school district may, by "indexing" its salary schedule, pay to a school superintendent an amount of salary increase greater than the average percentage increase of the certified personnel of that district. You indicate that your question concerns Act 10 of 1991, the act creating the Educational Excellence Trust Fund. You note that your understanding is that a particular school district has had in place for some time an "index" whereby the superintendent and other administrators are paid salaries based upon their regular salary schedule, multiplied by a factor varying from .040 to 1.845 depending upon the individual job description. You question the legality of this action under Act 10 of 1991, which is now codified at A.C.A. § 6-5-303 (Cum. Supp. 1991).
It is my opinion that it is impermissible, at least for school years 1991-92 and 1992-93, for superintendents to receive anyincrease in salary from the Educational Excellence Trust Funds monies, much less an increase greater than the average percentage increase of the certified personnel of the district. With respect to any other funds (other than the Trust Fund monies), it is unlawful for superintendents or assistant superintendents to receive any salary increase larger than the average percentage increase of other certified personnel of the district. See
A.C.A. § 6-5-303(a) (Cum. Supp. 1991). For these reasons, it is my opinion that the answer to your question is "no." Superintendents may not receive any increase from Trust Fund monies in years 1991-92 and 1992-93. The indexing of salary schedules for superintendents from other funds is not permissible under Act 10 of 1991 if it results in a greater increase than the average percentage increase of certified personnel. With respect to school years after 1992-93, it is unclear whether superintendents would be authorized to receive any salary increase from trust funds monies, or even a larger percentage increase from such monies. The issue will, however, likely be decided by the General Assembly at the 1993 regular session. But as long as A.C.A. § 6-5-303 (a) is unamended, these superintendents may not receive, from other funds, in any future years, any increases greater than the average percentage increase of other certified personnel.
The question with respect to the indexing of salary schedules for the benefit of other administrative personnel is less clear. These individuals, as "certified personnel" would receive an equal share of the Trust Fund monies unless there is an agreement to the contrary. Thus with respect to these monies, the salaries of these administrators cannot be "indexed" unless an agreement authorizes it. With respect to other monies, the issue is unclear. The statutes provide that "the board of directors in each school district in the state shall pay their teachers upon a salary schedule which has annual increments for education and for experience. . . ." A.C.A. § 6-17-1001 (Cum. Supp. 1991). "Teacher" is defined in the same statute as including any "full-time employee of a local public school district who is compelled by law to secure a license from the State Board of Education as a condition precedent to employment in a position in or related to grades pre-kindergarten through twelve (12)." A.C.A. § 6-17-1001(g) (Cum. Supp. 1991). The statutes also provide that the salary schedule of a district shall recognize a minimum level of training and experience, and shall reflect the actual pay practices of the district. A.C.A. § 6-20-319(4)(B) (Cum. Supp. 1991). It is perhaps unclear under these statutes whether administrators, as "teachers" of the district, can receive a greater relative position on the salary schedule, merely by virtue of the fact that they are administrators. The issue is whether these administrators are intended, under state statutes, to receive the same level of increments as other certified personnel, or whether the legislature intended to leave some discretion with local school districts in fashioning their salary schedules as they see fit. This issue has not been specifically addressed legislatively, but in my opinion districts have in all likelihood been vested with discretion in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh